LOYAL LINTHICUM, Plaintiff-Appellee and Cross-Appellant, *v.* BOARD OF COUNTY COMMISSIONERS, CALHOUN COUNTY, Defendant-Appellant and Cross-Appellee.

Fourth District No. 4—83—0269

Opinion filed January 11, 1984.—Rehearing denied February 14, 1984.

Charles H. Burch, State's Attorney, of Hardin, for appellant.

Ronald C. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellee.

JUSTICE MILLER delivered the opinion of the court:

On December 8, 1982, two members of the three-member Board of county Commissioners of Calhoun County (hereinafter the Board) convened a special meeting of the Board. The third member, who held the office of board chairman, did not attend. In the absence of the chairman, the two members in attendance elected one of the two chairman *pro tem* and then, pursuant to their vote on the matter, gave notice to plaintiff that he would not be reappointed to the post of supervisor of assessments. Plaintiff filed a complaint seeking injunctive relief, declaratory judgment, and *mandamus* against the Board. On March 29, 1983, the trial court found that the notice of nonreappointment was void for the reason that it had not been issued by the duly elected chairman. The court declared the plaintiff should continue as the supervisor of assessments and enjoined the Board from interfering with plaintiff's performance of his official duties. Defendant appeals. Although the trial court found that plaintiff's tenure could not be terminated by the form of notice given, it ordered that the Board chairman could give effective notice of nonreappointment at "any time" in the future. As to this portion of the order, plaintiff cross-appeals.

The essential facts are not disputed. On December 6, 1982, the Calhoun County Board of Commissioners, consisting of Paul Rose, Charles Schlieper and Jerome Sibley, elected Mr. Sibley to the post of Board chairman. Sibley had previously served two terms in this office. All agree that the question of plaintiff's reappointment to the position of supervisor of assessments was briefly discussed at the December 6 meeting. The matter was not pursued, because no one in attendance knew when plaintiff's term expired. After the meeting, Rose ascertained the date on which plaintiff's term would expire, and he apprised Schlieper of the situation. Both Rose and Schlieper believed that in order for valid notice of nonreappointment to be given to plaintiff, such notice would have to be given by December 8. They called a special meeting for December 8 to discuss the question.

On December 7, notice of the special meeting was posted in the circuit clerk's office. That evening, personnel from the circuit clerk's office telephoned Sibley's home to inform him of the meeting. On December 8, at the time designated for the special meeting, Sibley, the Board chairman, did not appear. Rose and Schlieper testified that they had been given no indication that Sibley would not attend. After delaying the meeting 10 to 20 minutes, Rose and Schlieper elected Rose as

chairman *pro tem* in Sibley's absence. The Board voted on the question of plaintiff's reappointment and a resolution to give plaintiff notice of nonreappointment was passed. The resolution was signed by Rose in his capacity as chairman *pro tem* and it was delivered to plaintiff the same day.

Sibley conceded that he had actual notice of the December 8 meeting, but he maintained that he had previously advised the Board that he would probably be out of town on December 7 and 8. He testified that at the meeting of December 6, he gained the impression that his fellow Board members wished to dismiss plaintiff from his position as supervisor of assessments. He suspected that the purpose of the December 8 meeting was to effect this termination, and he did not want to have anything to do with it. Sibley suggested that, had he been present, he would have voted against the resolution, but if the others had voted in favor of the resolution, he would have signed the document. He stated that as chairman he had no special veto power, and it would have been his statutory duty to sign the resolution under the circumstances.

On February 23, 1983, plaintiff filed a complaint against the Board alleging that the notice of nonreappointment was void, because the decision not to reappoint rested solely with the chairman, Jerome Sibley. The complaint sought an injunction prohibiting interference with plaintiff's incumbency, a declaratory judgment stating that plaintiff was entitled to retain his office, and *mandamus* to compel expungement of the allegedly void action. By a written order entered March 29, 1983, the trial judge found and declared that the challenged action of the Board was void for the reasons alleged. The court enjoined the Board from interfering with plaintiff's performance of his official duties, except for reasons of the latter's misfeasance, malfeasance or nonfeasance in office. Moreover, the court ordered that the duly elected chairman of the Board was empowered to give effective notice of nonreappointment at "any time," provided that the date of termination be fixed on a date not less than 90 nor more than 120 days from such notice.

The Board argues that the notice of nonreappointment given by the Board to plaintiff on December 8 was valid, effective, and in compliance with the statutory requirements. We agree. Section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 484a) sets forth the procedures for the appointment of a supervisor of assessments. The statute provides in pertinent part:

> "In counties containing less than 1,000,000 inhabitants and not having an elected board of assessors, the office of supervisor

of assessments shall be filled by appointment by the presiding officer of the county board with the advice and consent of the county board, as herein provided.

\* \* \*

If the presiding officer of the county board does not intend to reappoint an incumbent, he shall so notify him not more than 120 nor less than 90 days before the expiration of his term. Upon request of the incumbent, the county board shall grant him a public hearing on the question of why he is not to be reappointed." Ill. Rev. Stat. 1981, ch. 120, par. 484a.

The trial court found that the notice of nonreappointment given in this case was not effective because Rose, as chairman *pro tem,* was not the "presiding officer" within the meaning of the statute.

The Board correctly notes that section 45 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1981, ch. 34, par. 804) provides that a provisional chairman may be elected to conduct the business of the county board in the chairman's absence. Section 3a requires that the presiding officer give notice of nonreappointment. The crucial factor, however, is not the method by which notice of nonreappointment is given, but the timely delivery of such notice. When the Board determines not to consent to reappointment, effective notice of that fact may be properly given by the chairman *pro tem,* in the absence of the presiding officer.

When notice of nonreappointment is delivered by a person other than the presiding officer, the deviation is merely formal, it does not prejudice the recipient of the notice, and it establishes no basis to invalidate the underlying Board action. We deem the position of the Board on appeal to be well taken and find that the trial court erred in declaring the action of the Board void.

Because of the result reached upon consideration of the issues presented on appeal, it is unnecessary that we consider the issue raised on cross-appeal.

The judgment of the trial court declaring that plaintiff should continue as the supervisor of assessments and enjoining the Board from interfering with plaintiff's performance of his duties as supervisor is reversed; that portion of the judgment granting the Board chairman authority to give notice of nonreappointment at "any time" in the future is vacated and the cross-appeal is dismissed as moot.

Reversed in part, vacated in part, and cross-appeal dismissed.

MILLS, P.J., and GREEN, J., concur.